IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE SECURITIES (USA) LLC, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., and INDYMAC MBS, INC.,<br><br>Defendants. | Case No. 12-cv-2648 JWL/JPO |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CONCERNING *NEW JERSEY CARPENTERS HEALTH FUND v. ROYAL BANK OF SCOTLAND GROUP, PLC***

Plaintiff, the National Credit Union Administration Board ("NCUA"), respectfully informs the Court of a recent opinion by the Court of Appeals for the Second Circuit in *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, No. 12-1707-cv, 2013 WL 765178 (2d Cir. Mar. 1, 2013).[1] The Second Circuit joined the First Circuit in *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762 (1st Cir. 2011) in holding that courts must "permit[] claims under §§ 11 & 12(a)(2) of the '33 Act to proceed [under *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] This opinion reverses, in relevant part, *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc.*, 2012 WL 1076143 (S.D.N.Y. Mar. 29, 2012) ("*NovaStar II*") – a decision on which Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp. (collectively, "Credit Suisse") rely heavily in seeking dismissal of NCUA's Complaint.  *See*, *e.g.*, Credit Suisse's Memorandum of Law in Support of their Motion to Dismiss the Plaintiff's Complaint [Doc. 24] at 34, 39, 41; Credit Suisse's Reply Memorandum of Law in Support of their Motion to Dismiss the Plaintiff's Complaint [Doc. 31] at 22, 23, 25, 28.

- 1 -

544 (2007)] where the plaintiff has provided a 'fairly specific' account of how the relevant underwriters had systematically disregarded the guidelines disclosed in a security's registration statement."  2013 WL 765178  at *10.

**Narrative Allegations**.  The Second Circuit concluded that the complaint provided the necessary "'fairly specific' account" by offering statements from a "substantial source," *i.e.*, unnamed former employees of the originators, describing how originators "approv[ed] loan applications despite deficiencies in an effort to generate a large volume of mortgages that [they] could sell to third parties."  *Id.*  These former employees' statements suggested "widespread" abandonment of underwriting guidelines because they provided "no basis for believing that factors unique to the relevant offices, rather than company-wide practices, resulted in the 'pressure to achieve loan production' that these employees allegedly experienced."  *Id.* at *11.

**Performance Statistics**.  The court found that the complaint's allegation that a high number of loans collateralizing the RMBS resulted in default shortly after securitization "suggest[ed] that mortgage fraud contaminated a significant portion of the loans."  *Id.*

**Materiality**.  The Second Circuit agreed with "numerous courts, including the First Circuit in *Nomura* . . . that misstatements of an underwriter's guidelines are not . . . immaterial as a matter of law" because "a 'substantial likelihood' exists that a reasonable investor would want to know whether those underwriting the loans had adhered to the procedures in place for evaluating 'the capacity and willingness of the borrowers to repay the loans and the adequacy of the collateral securing the loans,'" *i.e.*, the underwriting guidelines.  *Id.* at *13 (alterations omitted).  It further found that "knowledge that the borrowers had low credit scores and many of the mortgages had high loan-to-value ratios would make a reasonable investor *more*, rather than *less*, interested in whether [originators] had adhered to [their underwriting guidelines]."  *Id.* at *14 (emphasis added).

Dated:  March 6, 2013  Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

By: /s/ Rachel E. Schwartz
Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:  816-714-7100
Fax:  816-714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

George A. Zelcs, *pro hac vice*
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Tel:  312-641-9750
Fax:  312-641-9751
GZelcs@koreintillery.com

David C. Frederick, *pro hac vice*
Mark C. Hansen, *pro hac vice*
Wan J. Kim, *pro hac vice*
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  202-326-7900
Fax:  202-326-7999
dfrederick@khhte.com
mhansen@khhte.com
wkim@khhte.com

*Attorneys for Plaintiff*

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 6, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Rachel E. Schwartz
Counsel for Plaintiff
