# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>Defendants. | Case No. 11-cv-2341 JWL/JPO |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, and of Western Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>UBS SECURITIES, LLC and MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.,<br><br>Defendants. | Case No. 12-cv-2591 JWL/JPO |

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, and of Southwest Corporate Federal Credit Union, <br><br>　　　　　　　　Plaintiff, <br><br>v. <br><br>CREDIT SUISSE SECURITIES (USA) LLC, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., and INDYMAC MBS, INC., <br><br>　　　　　　　　Defendants. | Case No. 12-cv-2648 JWL/JPO |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and of Members United Corporate Federal Credit Union, <br><br>　　　　　　　　Plaintiff, <br><br>v. <br><br>BEAR, STEARNS & CO., INC n/k/a J.P. MORGAN SECURITIES, LLC; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.; BEAR STEARNS ASSET BACKED SECURITIES I, LLC; and INDYMAC MBS, INC. <br><br>　　　　　　　　Defendants. | Case No. 12-cv-2781 JWL/JPO |

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union and Southwest Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., as Successor-in-Interest to Washington Mutual Bank, WaMu Capital Corp., Long Beach Securities Corp., and WaMu Asset Acceptance Corp., WAMU CAPITAL CORP., LONG BEACH SECURITIES CORP., and WAMU ASSET ACCEPTANCE CORP.<br><br>Defendants. | Case No. 13-cv-2012 JWL/JPO |

## **DEFENDANTS' JOINT STATEMENT OF POSITION IN ADVANCE OF THE APRIL 29, 2013 STATUS CONFERENCE**

On April 18, 2013, the Court informed the parties in the above-captioned actions (the "Actions") that it will discuss the following issues at the April 29, 2013 status conference:

> "(1) whether these cases should be consolidated for discovery or other purposes;
> (2) whether these cases should be stayed in any manner pending the Tenth Circuit's ruling on the interlocutory appeal taken in Case Nos. 11-2340 and 11-2649; and
> (3) the application to each case, including ways in which the case may be factually or legally distinguishable, of the Court's rulings set forth in its Memorandum and Order of April 8, 2013, in Case No. 12-2648."

The Court further stated that "any party may file a brief statement, limited to four pages, of its positions on those issues and of any other topics that it seeks to discuss at the status conference". Defendants in the Actions have conferred and, in the interest of minimizing the submissions made in response to the Court's Order, collectively submit the following joint statement of position on the first two issues. Due to the case-specific nature of the third issue, each Defendant other than Credit Suisse will separately submit to the Court its position on that issue.

I.   **"WHETHER THESE CASES SHOULD BE CONSOLIDATED FOR DISCOVERY OR OTHER PURPOSES."**

For the reasons stated in Part II, below, discovery should be stayed at least until all outstanding motions to dismiss are decided and the Tenth Circuit rules on the appeals from Case Nos. 11-2340 and 11-2649.[1] To the extent any claims survive the pending motions to dismiss and the Tenth Circuit's decision, Defendants are not opposed to limited coordination of the Actions during fact discovery. However, Defendants respectfully submit that any coordination should occur within the following parameters:

<u>First</u>, the Actions should not be consolidated. Each Action involves different defendants, offerings, loans, originators, offering documents, disclosures, defense witnesses and

---

[1] Discovery has already been stayed in Case No. 12-2591. On March 15, 2013, Magistrate Judge O'Hara granted an unopposed motion to stay discovery in that case pending a ruling on defendants' motion to dismiss, ordering that "[a]ll pretrial proceedings in th[e] case, including discovery and initial disclosures, are stayed until further order of the court". (Case No. 12-2591 (ECF No. 37) at 3.)

1

evidence. As a result, consolidation would be inappropriate. For the same reasons, the Actions should not be coordinated for purposes of (i) dispositive motions; (ii) pretrial litigation (e.g., evidentiary exchanges or motions in limine); or (iii) trial. Each Defendant should remain free to file its own dispositive motions and each action will need to be tried separately.

Second, with respect to fact discovery coordination, the ability of Defendants to take discovery of the Plaintiff (or the credit unions on whose behalf Plaintiff brings the Actions) should not be unduly restricted by virtue of Plaintiff's decision to file multiple actions against multiple Defendants in the same jurisdiction. Each Defendant should be able to choose its own deposition witnesses. Defendants should not be subject to a shared cap on the total number of depositions that they may take of Plaintiff witnesses. If multiple Defendants choose to depose the same Plaintiff witnesses, those Defendants should have sufficient time to do so.

Third, although Defendants do not oppose expert discovery proceeding on parallel tracks, Defendants should not be required to submit joint expert reports, including on topics that might be common across cases. Rather, each Defendant should have the ability to choose its own experts, and its own expert topics.

## II.  "WHETHER THESE CASES SHOULD BE STAYED IN ANY MANNER PENDING THE TENTH CIRCUIT'S RULING ON THE INTERLOCUTORY APPEAL TAKEN IN CASE NOS. 11-2340 AND 11-2649."

The Private Securities Litigation Reform Act ("PSLRA") automatically stays discovery in all Actions in which a motion to dismiss is pending. Should discovery be coordinated across the Actions, cases in which motions to dismiss have been decided also should be stayed pending the Court's ruling on all outstanding motions to dismiss.

In several of the Actions, Defendants have moved for a stay pending the appeal to the Tenth Circuit in Case Nos. 11-2340 and 11-2649. (See Case No. 11-2341 (ECF No. 64); Case No. 12-2591 (ECF No. 28); Case No. 12-2781 (ECF No. 20); Case No. 13-2012 (ECF No.

20).)  Defendants in each of the Actions now agree that, to the extent any claim survives the pending motions to dismiss, discovery should be stayed until the Tenth Circuit rules on the appeals taken in Case Nos. 11-2340 and 11-2649, for the reasons set forth in the motions to stay currently pending before the Court.

Dated:  April 25, 2013

Respectfully submitted,

/s/ John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
   SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
jshaw@berkowitzoliver.com
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

*Of Counsel*

Michael A. Paskin (NY # 2767507)
mpaskin@cravath.com
J. Wesley Earnhardt (NY # 4331609)
wearnhardt@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3700 (fax)

*Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bond Securitization, LLC, Bear, Stearns & Co., Inc. n/k/a J.P. Morgan Securities, LLC, Structured Asset Mortgage Investments II, Inc., Bear Stearns Asset Backed Securities I, LLC, JPMorgan Chase Bank, N.A., WaMu Capital Corp., Long Beach Securities Corp., and WaMu Asset Acceptance Corp.*

/s/ John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
  SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Tel: (816) 561-7007
Fax: (816) 561-1888
jshaw@berkowitzoliver.com
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

*Of Counsel*

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com

*Counsel for Defendants*
*UBS Securities, LLC and Mortgage*
*Asset Securitization Transactions, Inc.*

4

/s/ Toby Crouse
Toby Crouse (Kan. #20030)
James D. Oliver (Kan. #08604)
FOULSTON SIEFKIN LLP
32 Corporate Woods, Suite 600
9225 Indian Creek Pkwy.
Overland Park, KS 66210-2000
Phone: (913) 498-2100
Fax: (913) 498-2101
Email: tcrouse@foulston.com
           joliver@foulston.com

*Of Counsel*

Richard W. Clary
Richard J. Stark
Michael T. Reynolds
Lauren A. Moskowitz
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
rclary@cravath.com
rstark@cravath.com
mreynolds@cravath.com
lmoskowitz@cravath.com

*Counsel for Defendants Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp.*

5

 /s/ Elizabeth Raines
Elizabeth Raines (Kan. 020668)
HUGHES HUBBARD & REED LLP
2345 Grand Boulevard
Kansas City, MO 64108
Tel: (816)709-4100
Fax: (816)709-4198
Email: raines@hugheshubbard.com

*Of Counsel*

Scott H. Christensen
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel: 202-721-4600
Fax: 202-721-4646
Email: christensen@hugheshubbard.com

*Counsel for Defendant IndyMac MBS, Inc.*