IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2340-JWL |
| RBS SECURITIES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2649-JWL |
| WACHOVIA CAPITAL MARKETS, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2341-JWL |
| J.P. MORGAN SECURITIES LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

|  |  |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UBS SECURITIES, LLC, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 12-2591-JWL |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BARCLAYS CAPITAL INC., et al., )<br>)<br>Defendants. )<br>_____) | Case No. 12-2631-JWL |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CREDIT SUISSE SECURITIES (USA) LLC, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 12-2648-JWL |

|  |  |  |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 12-2781-JWL |
| BEAR, STEARNS & CO., et al., | ) ) ) |  |
| Defendants. | ) ) |  |
| _____ | ) |  |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 13-2012-JWL |
| JPMORGAN CHASE BANK, N.A., et al., | ) ) ) |  |
| Defendants. | ) ) |  |
| _____ | ) |  |

**ORDER**

In these related actions, various defendants have moved for a stay of proceedings pending the Tenth Circuit's resolution of the interlocutory appeal taken in Case Nos. 11-2340 and 11-2649. *See* Doc. # 64 in Case No. 11-2341; Doc. # 28 in Case No. 12-2591; Doc. # 20 in Case No. 12-2781; Doc. # 20 in Case No. 13-2012. The Court also requested written statements from the parties in these cases concerning whether a stay should be ordered, and the issue was further discussed in the status conference conducted by the Court on April 29, 2013.

Based on the parties' written submissions and the arguments heard by the Court at the status conference, the Court concludes that a stay is appropriate in each of these cases. As Judge Rogers stated in certifying his ruling for interlocutory appeal, the appeal may materially advance the ultimate termination of expensive and complex litigation. Indeed, the Tenth Circuit's opinion (applied to each of these cases) could result in the dismissal of all claims with respect to a number of certificates, including the dismissal of all claims against certain defendants. Plaintiff, in opposing a stay, has not identified any particular prejudice, other than that attending any such delay in discovery; and the Court concludes that interests of judicial economy and the time and expense that could be spared the parties depending on the outcome of the appeal, which are served by a stay, significantly outweigh the detrimental effect of a delay in starting the discovery process.

Accordingly, with respect to each of the above-captioned cases, all proceedings shall be stayed pending the Tenth Circuit's resolution of that appeal, with the following

4

exceptions: (a) the completed briefing and resolution by the Court of any pending motion to dismiss; and (b) the submission by plaintiff, if it chooses, of a motion related to the issue of statistical sampling, as described by plaintiff at the status conference conducted on this date. The Court shall issue orders as appropriate after the Tenth Circuit has issued an opinion in the interlocutory appeal. The pending motions for a stay are hereby granted to the extent set forth herein.

IT IS SO ORDERED.

Dated this 29th day of April, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge