IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, )
 )
        Plaintiff, )
 )
    v. )   Case No. 12-2648-JWL
 )
CREDIT SUISSE SECURITIES (USA) LLC )
and CREDIT SUISSE FIRST BOSTON )
MORTGAGE SECURITIES CORP., )
 )
        Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff National Credit Union Administration Board brings this suit as conservator and liquidating agent of three credit unions who purchased residential mortgage-backed securities ("certificates"). Plaintiff brings claims under the federal Securities Act of 1933 and California and Kansas statutes, based on alleged untrue statements or omissions of material facts relating to each certificate by defendants, who sold, underwrote, or issued the certificates. By Memorandum and Order dated April 8, 2013 (Doc. # 47-1), the Court dismissed some of plaintiff's claims as time-barred. *See National Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, 2013 WL 1411769 (D. Kan. Apr. 8, 2013). As a part of that ruling, the Court held that the three-year limitations period for claims by plaintiff as conservator or liquidator, pursuant to the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), could not be extended by a tolling

agreement between the parties. *See id.* at *9-11.

On April 29, 2013, the Court granted plaintiff's oral motion for reconsideration of that particular holding, and it allowed additional briefing on that issue by the parties to this case and other defendants against whom plaintiff has asserted similar claims in this Court. The Court also allowed the Federal Deposit Insurance Corporation (FDIC), which is subject to a similar Extender Statute, to file an amicus brief on the issue. Having considered these supplemental arguments, the Court reaffirms its prior holding that the Extender Statute's limitations periods may not be tolled by agreement.

1. The Court's original holding was based on the following reasoning, *see id.*: The Supreme Court's opinion in *Mid State Horticultural Co. v. Pennsylvania Railroad Co.*, 320 U.S. 356 (1943), in which the Court refused to allow a particular statutory limitations period to be waived by agreement, taught that if a statutory limitations period was intended to extinguish the right to sue, that period may not be extended or waived by agreement. The Extender Statute includes just such a limitations period, as the statute operates in a similar fashion to the three-year limitations period that it displaces, which the Tenth Circuit has indicated represents a statute of repose that extinguishes the right the sue. Moreover, Congress's intent is most clearly articulated by the text of the Extender Statute, which prescribes a particular limitations period "[n]otwithstanding any provision of any contract." *See* 12 U.S.C. § 1787(b)(14)(A). The Court rejected plaintiff's argument that Congress intended by that language to trump a contractual provision setting a particular limitations period, but not a contract entered into after the

2

Extender Statute's limitations period has already begun to run (such as a tolling agreement entered into by plaintiff as conservator). The Court concluded that the text of the statute is not so limiting, as it refers to "any provision of any contract." The Court also rejected plaintiff's argument based on equitable estoppel, as allowing plaintiff to enforce its tolling agreement pursuant to that doctrine would undermine Congress's intent to set an outer limit that may not be extended by agreement and would render the "notwithstanding" limitation meaningless.

2. Plaintiff first argues that the "notwithstanding" language in the Extender Statute should not be interpreted to refer to tolling agreements. Plaintiff argues that such language refers to agreements that change or conflict with the Extender Statute's limitations period. *See, e.g.*, *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) (use of such a "notwithstanding" clause signals the drafter's intention that the provision of that law override conflicting provisions of other laws). Plaintiff further argues that the tolling agreement does not change or conflict with the Extender Statute's limitations period because it does not set forth a different limitations period, but instead merely dictates which days should be counted in applying the Extender Statute's limitations period.

The Court rejects this argument. The Extender Statute sets an outside limit for the timely filing of claims by plaintiff, and plaintiff's tolling agreements would alter that limit; thus, tolling agreements do conflict with the Extender Statute's limitations period and therefore must fall within the "notwithstanding" phrase's scope. Plaintiff's strained

3

attempt to distinguish tolling agreements as merely dictating the method of calculation of the applicable limitations period is not persuasive. A pre-conservatorship agreement to count only every other week against the applicable limitations period, for example, would certainly be viewed as conflicting with the Extender Statute, which would trump that prior agreement pursuant to its "notwithstanding" language. So too must the Extender Statute override a tolling agreement that similarly purports to extend the statute's limitations period by excluding some days in calculating that period.

Plaintiff has not offered any other reasonable interpretation of the "notwithstanding" language. That language, given its ordinary meaning, broadly encompasses any other agreement. There is no basis to restrict that language only to certain types of agreements, such as agreements that shorten the applicable limitations period (as opposed to agreements than lengthen the period) or agreements executed pre-conservatorship (as opposed to agreements executed by plaintiff as conservator).[1] The Court concludes that the plain language of the Extender Statute unambiguously prohibits alteration of its limitations periods by any agreement, including a tolling agreement.

3. Plaintiff also suggests that the Extender Statute's purpose and legislative history weigh in favor of its interpretation. In that regard, plaintiff notes that FIRREA, the act containing the Extender Statute, was intended to allow it (and the FDIC) to

---

[1]Plaintiff notes that courts have held that the Extender Statute, by virtue of the "notwithstanding" language, overrides a shorter limitations period agreed by the parties. That fact, however, does not mean that the Statute does not also override agreements for longer limitations periods.

4

protect the public by pursuing claims on behalf of failed institutions, as evidenced by the various provisions granting plaintiff power to enter into or repudiate contracts. Plaintiff also cites legislative history in the form of the statement by a sponsor of the act, Senator Donald Riegle, that its limitations provisions "should be construed to maximize potential recoveries by the Federal Government by preserving to the greatest extent permissible by law claims that would otherwise have been lost due to the expiration of hitherto applicable limitations periods." *See* 135 Cong. Rec. S10205 (daily ed. Aug. 4, 1989); *see also UMLIC-Nine Corp. v. Lipan Springs Dev. Corp.*, 168 F.3d 1173, 1178 (10th Cir. 1999) (quoting this statement and noting that in interpreting a statute, substantial weight is accorded to statements by its sponsors concerning its purpose and scope).

The Court concludes that a general policy of the statute to aid plaintiff and Senator Riegle's statement are not sufficient to overcome the plain language of the statute. That policy and statement certainly do not suggest a Congressional intent to give plaintiff unfettered latitude in asserting claims, as the Extender Statute clearly and unambiguously imposes a deadline for such claims, which must be enforced in accordance with its terms. The Extender Statute also plainly and unambiguously imposes that deadline "notwithstanding any provision of any contract," including a tolling agreement, and that language too must be enforced.

4. Plaintiff next argues that the Extender Statute's "notwithstanding" language should be interpreted against the backdrop of the general rule that a limitations period may be waived. The Court rejects this argument as well. As noted above, in *Mid*

*State* the Supreme Court indicated that a statutory limitations period may not be waived or tolled if Congress intended such a prohibition in enacting the limitations period. Plaintiff again seeks to distinguish *Mid State* and confine it to the particular statute at issue in that case. Plaintiff, however, has not addressed the key inquiry from that case—whether Congress intended by the limitations period to extinguish the right to sue instead of merely barring the remedy after that period. As this Court previously concluded, the "notwithstanding" language provides clear evidence that Congress intended that the right to sue be extinguished at the expiration of the limitations period imposed by the Extender Statute.

5. Plaintiff also takes issue with the Court's conclusion that the Extender Statute is akin to a statute of repose that extinguishes the right to sue. As the Court previously reasoned, the Tenth Circuit has indicated that Section 13 (the limitations statute displaced by the Extender Statute) contains a statute of repose, and the Extender Statute's three-year limitations period is similar to that statute of repose because it sets an outside date for the filing of claims. Plaintiff argues that Section 13 does not call its three-year limitations period a "statute of repose" and that the Extender Statute should not be considered a statute of repose just because it displaces a statute of repose. Plaintiff also argues that statutes of repose may sometimes be waived. Neither plaintiff nor the FDIC, however, has attempted to analyze whether Section 13 or the Extender Statute extinguishes the right to sue or merely bars the remedy—the relevant inquiry under *Mid State* identified by this Court in its previous opinion. Thus, plaintiff has not

6

indicated how the Court erred in its analysis. Moreover, the Extender Statute's "notwithstanding" language provides additional evidence that Congress intended to extinguish the right to sue. The Court does not offer any opinion concerning whether statutes of repose may be tolled by agreement as a general rule; the Court merely holds that this particular statute may not be tolled by agreement, pursuant to the analysis indicated in *Mid State*.[2]

6.  Plaintiff and the FDIC argue that their interpretation of the Extender Statute to allow tolling by agreement should be granted some deference by this Court. Although neither agency has cited any such formal interpretation that it has issued, they note that they have used such tolling agreements for many years. The FDIC argues for *Skidmore* deference, under which "[t]he weight of such a judgment [by an agency] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). The Tenth Circuit has noted,

---

[2] Plaintiff cites *In re Lehman Brothers Securities and ERISA Litigation*, 2012 WL 6584524 (S.D.N.Y. Dec. 18, 2012), in which the court rejected an argument based on *Mid State*. The Court does not find that case persuasive on this issue. That court did not analyze whether the statute at issue extinguished the right to sue, but instead it merely distinguished the policy furthered by the statute in *Mid State*. *See id.* at *2. Moreover, the *Lehman Brothers* court was considering the tolling of Section 13, the underlying statute of limitations, which does not contain the "notwithstanding" language that is key to this Court's ruling concerning the Extender Statute. *See id.* This Court does not offer any opinion here concerning whether Section 13's limitations periods may be tolled by agreement.

7

however, that courts do not generally defer to an agency's interpretation of a statute lying outside that agency's particular expertise, and that "an agency's interpretation of a statute merits deference under *Skidmore* only in proportion to its power to persuade." *See Hydro Resources, Inc. v. U.S. E.P.A.*, 608 F.3d 1131, 1146 & n.10 (10th Cir. 2010) (internal quotations omitted). In this instance, the Court will not defer to the interpretation of the Extender Statute urged by plaintiff and the FDIC. Those agencies do not have any particular expertise with respect to the interpretation of statutory limitations periods. In addition, as noted above, the Extender Statute unambiguously precludes reliance on agreements to alter its limitations periods; thus, the positions of plaintiff and the FDIC have no persuasive value. The Extender Statute is clear, and the fact that plaintiff and the FDIC have been using tolling agreements in contravention to the statute does not compel or weigh in favor of a contrary interpretation. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) (if Congressional intent is clear, a court does not defer to an agency and must give effect to that unambiguously expressed intent).

7. Plaintiff again suggests that defendants should be equitably estopped from arguing that the tolling agreement they executed may not be enforced. Plaintiff cites *Montoya v. Chao*, 296 F.3d 952 (10th Cir. 2002). In that case, however, the Tenth Circuit merely held that a particular statutory limitations period was not jurisdictional and was therefore subject to equitable tolling. *See id.* That holding is not relevant to the question whether equitable estoppel is appropriate in this case with this statute. The

8

Court previously concluded, based on precedent, that the Tenth Circuit would likely not permit equitable estoppel in this instance in which application of that doctrine would effectively eviscerate the "notwithstanding" language in the Extender Statute. Plaintiff has not addressed that Tenth Circuit precedent or that potential evisceration; thus, plaintiff has not persuaded the Court that it erred in its original conclusion.

8. Plaintiff asserts for the first time that even without recourse to the tolling agreement, its state law claims are timely under the Extender Statute's alternative limitations period of "the period applicable under State law." First, this issue falls outside of the Court's reconsideration of the issue of the enforcement of the tolling agreement, and thus this argument by plaintiff is improper. Moreover, plaintiff's argument lacks merit. Under the Extender Statute, the applicable five-year state-law limitations period would run from the violation or purchase date, not from the date of plaintiff's appointment as conservator (which triggers the Extender Statute's three-year limitations period). In addition, the "notwithstanding" language applies to either alternative limitations period under the Extender Statute; thus, plaintiff may not use the tolling agreement to extend the applicable state-law limitations period. Plaintiff filed this suit more than five years after the certificates at issue were purchased; accordingly, plaintiff's state-law claims are not timely under the applicable state limitations periods.

9. Plaintiff also repeats its original argument that the Extender Statute's three-year limitations period should be measured from the date of its appointment as liquidator for the credit unions and not from its earlier conservator appointment date. This

9

argument too improperly exceeds the scope of the reconsideration granted by the Court. In addition, plaintiff's argument lacks merit, for the reasons stated by the Court in its original opinion. Plaintiff cites to *UMLIC*, in which the Tenth Circuit held that the three-year period could be reset by the FDIC's appointment as conservator to a second savings and loan that had acquired the asset at issue. *See* 168 F.3d 1173. The Tenth Circuit did not analyze the particular language involving the dates of appointment as conservator and liquidator, however. The statute provides that either appointment triggers the three-year period. Thus, plaintiff's three-year period in this case must be measured from the date of its appointment as conservator for the credit unions.

10. In summary, the Court is not persuaded that it erred in its previous ruling, and it reaffirms that ruling that plaintiff's tolling agreement with defendants is not effective in extending the applicable three-year limitations period under the Extender Statute.

IT IS SO ORDERED.

Dated this 10th day of July, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge