IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 12-2591-JWL |
| UBS SECURITIES, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 12-2648-JWL |
| CREDIT SUISSE SECURITIES (USA) LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff National Credit Union Administration Board brings these related suits as conservator and liquidating agent of credit unions. The suits relate to a number of offerings involving different residential mortgage-backed securities ("RMBS" or "certificates") purchased by the credit unions. Plaintiff asserts claims under federal and state law against sellers, underwriters, and issuers for the certificates, based on alleged

untrue statements or omissions of material facts relating to each certificate.[1]

These two cases presently come before the Court on plaintiff's motion (Doc. # 417 in *UBS*, Case No. 12-2591; Doc. # 381 in *Credit Suisse*, Case No. 12-2648) to exclude testimony by defendants' materiality expert, Ethan Cohen-Cole.[2] The Court **denies** the motion.

Dr. Cohen-Cole conducted a materiality analysis in which he compared the maximum potential default rate disclosed in the offering documents against the expected default rate for the loans underlying the certificates using certain re-underwriting findings by plaintiff's experts. Because his analysis revealed that the latter rate fell within the disclosed rate, he concluded that the true facts misrepresented in and omitted from the offering documents (as alleged by plaintiff) would not have been material to reasonable investors at the time of the certificates' issuance.

Plaintiff first argues that Dr. Cohen-Cole's testimony should be excluded because he failed to apply the correct standard for materiality. The Supreme Court has held that, to satisfy the materiality requirement, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *See Basic Inc.*

---

[1] The Court refers to the defendants in Case No. 12-2591 collectively as "UBS". The Court refers to the defendants in Case No. 12-2648 collectively as "Credit Suisse".

[2] The standards governing the Court's consideration of this motion are stated in the Court's prior opinions in these cases by which it ruled on other motions to exclude expert testimony.

*v. Levinson*, 485 U.S. 224, 231-32 (1988) (internal quotations omitted). Plaintiff argues that Dr. Cohen-Cole did not apply this standard because he assumed that a reasonable investor in this case would have considered only the type of modeling done by Dr. Cohen-Cole. Plaintiff further argues that Dr. Cohen-Cole has thus improperly assumed the very fact (namely, what an investor would find material) that he purports to test by his analysis.

The Court rejects this argument for exclusion. Dr. Cohen-Cole is an expert with experience in this field, and he may offer his opinion concerning what a reasonable investor would have considered or found significant in deciding whether to purchase these securities. Moreover, Dr. Cohen-Cole was not conducting a quantitative analysis to determine which facts a reasonable investor would find material; rather, he opined that such an investor would rely on this type of modeling, and his analysis was intended to show the results of the modeling that the investor would have performed. In addition, even if Dr. Cohen-Cole's opinions were limited to his quantitative analysis, the results would be relevant and helpful to the jury in assessing what a reasonable investor would have done in light of the total mix of information available.

Plaintiff also asserts that Dr. Cohen-Cole's methodology is flawed in a number of respects. Dr. Cohen-Cole opined, however, that a reasonable investor would have relied on such modeling in deciding whether to purchase these securities, based on the fact that, according to Dr. Cohen-Cole, RMBS investors did actually rely on such modeling during the relevant time period. Moreover, with respect to each of the flaws

3

asserted by plaintiff, Dr. Cohen-Cole had reasons for the manner in which he conducted his analysis. Plaintiff argues that those justifications are not sufficient. The Court concludes in its discretion, however, that those criticisms go to the weight of Dr. Cohen-Cole's opinions and not to their admissibility.

Finally, the Court rejects plaintiff's argument for exclusion under Fed. R. Evid. 402 and 403. Accordingly, the Court denies the motion to exclude.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion (Doc. # 417 in *UBS*, Case No. 12-2591; Doc. # 381 in *Credit Suisse*, Case No. 12-2648) to exclude testimony by defendants' materiality expert, Ethan Cohen-Cole is hereby **denied**.

IT IS SO ORDERED.

Dated this 10th day of February, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge